**Dr. Steve FRANK, Plaintiff–Appellant,**

v.

**The TRUSTEES OF the ORANGE COUNTY HOSPITAL, Defendant–Appellee.**

**No. 88A01–8805–CV–149.**

Court of Appeals of Indiana, First District.

Nov. 14, 1988.

Craig R. Benson, Berry, Benson, Brown, Mills & Shapiro, Bloomington, for plaintiff-appellant.

David J. Mallon, Jr., Myra C. Selby, Ice, Miller, Donadio & Ryan, Indianapolis, for defendant-appellee.

NEAL, Judge.

STATEMENT OF THE CASE

Pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(6)(b), plaintiff-appellant, Dr. Steve F. Frank (Frank), brings this interlocutory appeal from the Washington Superior Court's denial of his motion to compel discovery.

We affirm.

## STATEMENT OF THE FACTS

On October 19, 1987, Frank filed a complaint against the Trustees of the Orange County Hospital (the Hospital) for damages arising from a breach of contract. The Hospital answered on October 22, 1987, denying the allegations in the complaint and raising the statute of frauds by way of affirmative defense.

During pre-trial discovery, Frank deposed certain individuals who were involved in the peer review process concerning Frank's appointment to the Hospital's medical staff. Frank sought information to determine why the Hospital chose to repudiate its purported agreement with him. All the deponents refused to disclose what transpired at the various meetings of administrators and medical staff held pursuant to the peer review process or any statements concerning Frank made during private, informal conversations. The deponents based their refusal on the evidentiary privilege found in this state's peer review statute. IND.CODE 34-4-12.6-1 to -5. Frank certified each of the questions not answered. Thereafter, Frank filed a motion to compel discovery regarding those deposition questions.

On March 7, 1988, the trial court conducted a hearing on Frank's motion during which both parties offered oral argument. On April 12, 1988, the trial court denied the motion to compel discovery. Subsequently, Frank sought and was granted certification by the trial court of its April 12, 1988 ruling for the purpose of this interlocutory appeal.

## ISSUE

Frank presents one issue on appeal which restated is:

Whether the trial court erred in denying Frank's motion to compel discovery.

## DISCUSSION AND DECISION

Frank contends that the trial court erred in denying his motion to compel. To address this contention we turn to Ind. Rules of Procedure, Trial Rule 26(B) which states in pertinent part:

*In general.* Parties may obtain discovery regarding any matter, *not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party,* including the existence, description, nature, custody, condition and location of any books documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. (Emphasis added.)

Consequently, in order to obtain discovery the trial court must first determine whether the information sought is relevant to the issues being tried. If the trial court finds that the information is relevant then it must determine whether the information is protected from discovery by privilege or immunity. *Newton v. Yates* (1976), 170 Ind.App. 486, 353 N.E.2d 485, *trans. denied.*

■ In seeking his motion to compel discovery Frank asserted that the Hospital claimed in part that it was justified in breaching the contract because Frank lacked the requisite professional qualifications, as evidenced by his failure to receive staff approval. Frank argued the information sought would establish that the medical staff's decision was based on nonprofessional grounds thereby defeating the defense of justification. However, in this case Frank's suit was for damages arising from a breach of contract and the Hospital denied the allegations and raised the statute of frauds as an affirmative defense. The Hospital did not raise the issue of justification in its answer to Frank's complaint. Therefore, the information sought by Frank is not relevant to the issues brought forth by the complaint and answer.

■ Assuming the information sought by Frank is relevant, which we do not, there is still the issue of whether the infor-

mation is protected by privilege or immunity. *Newton, supra.* The information sought by Frank concerned what transpired at the various meetings of administrators and medical staff held pursuant to the peer review process and any statements concerning Frank made during private informal conversations of medical staff personnel. Therefore, we must look to the confidentiality and privilege provisions of this state's peer review statute to address this issue.

IND.CODE 34–4–12.6–2 states in pertinent part:

(a) All proceedings of a peer review committee shall be confidential, and all communications to a peer review committee shall be privileged communications to the peer review committee. Neither the personnel of a peer review committee nor any participant in a proceeding therein shall reveal any content of communications to, or the records or determination of, a peer review committee outside the peer committee. However, the governing board of a hospital or professional health care organization may disclose the final action taken with regard to a professional health care provider without violating the provisions of this section. Except as otherwise provided in this chapter, no person who was in attendance at any such peer review committee proceeding shall be permitted or required to disclose any information acquired in connection with or in the course of such proceeding, or to disclose any opinion, recommendation, or evaluation of the committee or of any member thereof. Information otherwise discoverable or admissible from original sources is not to be construed as immune from discovery or use in any proceeding merely because it was presented during proceedings before such peer review committee, nor is a member, employee, or agent of such committee or other person appearing before it to be prevented from testifying as to matters within his knowledge and in accordance with the other provisions of this chapter, but the witness cannot be questioned about this testimony or other proceedings before such committee or about opinions formed by him as a result of committee hearings.

\* \* \* \* \* \*

(c) Except in cases of required disclosure to the professional health care provider under investigation, no records or determinations of, or communications to, a peer review committee shall be:

(1) subject to subpoena or discovery; or

(2) admissible in evidence;

in any judicial or administrative proceeding, including a proceeding under IC 16–9.5–10, without a prior waiver executed by the committee. Except in cases as authorized in this chapter, the evidentiary privileges created by this section shall be invoked by all witnesses and organizations in all judicial and administrative proceedings unless the witness or organization first has a waiver of the privilege executed in writing, on behalf of the peer review committee holding the privilege, by its chairman, vice chairman, or secretary.

This section clearly and unambiguously prohibits the disclosure of any content of communications to or the determination of a peer review committee. In this case, the deponents' refusal to answer Frank's questions was proper because Frank sought disclosure of information involving the proceedings and determinations of a peer review committee.

The fact that some of the discovery requests sought disclosure of statements made concerning Frank during private informal conversations does not change this result. Any statements made concerning Frank during those conversations may have shaped the opinions of the participating physicians. Those opinions could very well have been carried into the various peer review meetings. Consequently, to permit discovery of those conversations, might indirectly allow Frank to discover the communications proceedings, and determinations made pursuant to the peer review process and thereby undermine the stat-

ute's confidentiality and privilege provisions. Therefore, the private conversations of peer review committee members is protected from discovery by IND.CODE 34-4-12.6-2.

■ Frank asserts that the peer review statute privileges only those communications relating to professional qualifications. Consequently, Frank claims that communications offered in bad faith or those unrelated to professional qualifications are not privileged under the statute. This court in *Terre Haute Regional Hospital, Inc. v. Basden* (1988), Ind.App., 524 N.E.2d 1306, rejected any good faith limitation on the confidentiality and privilege provisions of IND.CODE 34-4-12.6-2, stating in pertinent part:

> Therefore, the information that THRH and Giermak refused to disclose based upon the confidentiality and privilege protection afforded in the Peer Review Statute was not subject to disclosure due to lack of good faith on the part of the peer review committee or the participants to the investigation.

524 N.E.2d at 1310. Finally, IND.CODE 34-4-12.6-2 states that *all* proceedings, communications, and determinations occurring within the peer review process are privileged. There is no subject matter limitation on the privilege. This court in *Basden* stated in part:

> [T]he purpose of the peer review privilege is to foster an effective review of medical care. An effective review requires that all participants to a peer review proceeding communicate candidly, objectively, and conscientiously. Absent the protection of a privilege, the candor and objectivity of peer review communications and the effectiveness of the peer review process would be hindered. Thus, the peer review privilege provides protection by granting confidentiality *to all communications, proceedings, and determinations connected with a peer review process.* (Emphasis added.)

524 N.E.2d at 1311. Therefore, we reject Frank's limited privilege argument.

■ Frank further claims that by granting the Hospital an absolute privilege covering all communications during the peer review process, the statute unconstitutionally deprives aggrieved physicians of their due process right to judicial review of state action. IND.CODE 34-4-12.6-2 states in pertinent part:

> (b) Any professional health care provider under investigation shall be permitted at any time to see any records accumulated by a peer review committee pertaining to his personal practice and shall be offered the opportunity to appear before the peer review committee with adequate representation to hear all charges and findings concerning his practice and to offer rebuttal information, which shall be a part of the record before any disclosure of the charges and findings under this chapter.

This provision permits Frank to see at any time any records accumulated by the peer review committee concerning the question of his appointment to the medical staff. Furthermore, Frank had the opportunity to appear before the committee to hear the committee's findings and to offer rebuttal evidence. These measures insure against arbitrary, discriminatory, or unreasonable state action by a hospital or other professional health care provider. Therefore, the granting of an absolute privilege covering all communications during the peer review process does not violate Frank's due process rights.

Frank finally claims that granting an absolute privilege does not serve the interests of justice. He contends the privilege allows the Hospital to benefit from the defense of justification without having to prove the elements of that defense. Consequently, he argues the interest in determining the truth outweighs the interest in preserving confidentiality. However, the IND.CODE 34-4-12.6-2(b) provision pertaining to the review of committee records and the right to appear before the committee to hear its findings and to offer rebuttal evidence more than adequately meets the interests cited in Frank's argument.

For the above reasons, Frank has shown no error on this issue. This cause is affirmed.

JUDGMENT AFFIRMED.

RATLIFF, C.J., and ROBERTSON, J., concur.